### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| LANSING MADISON and, ) | |
| LERNARD PHILLIPS, ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION NO.: |
| ) | |
| v. ) | |
| ) | |
| ECI MANAGEMENT ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

### COMPLAINT

### I. NATURE OF THE CLAIMS

PLAINTIFFS LANSING MADISON and LERNARD PHILLIPS ("PLAINTIFFS") assert claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") for unpaid overtime compensation, liquidated damages, reasonable expenses of litigation and attorneys fees, on the grounds set forth below.

### II. JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 216(b).

1

2. This Court has venue for all causes of action stated herein pursuant to 28 U.S.C § 1391(b)(2) as the acts alleged as a basis for the claim at issue took place within this Court's jurisdictional boundaries.

### III.  PARTIES

3. PLAINTIFF MADISON is a United States citizen who resides in Norcross, Gwinnett County, Georgia.

4. PLAINTIFF PHILLIPS is a United States citizen who resides in Alpharetta, Fulton County, Georgia.

5. DEFENDANT ECI MANAGEMENT CORPORATION ("DEFENDANT") is a corporation doing business within this judicial district and is subject to the jurisdiction of this Court.

6. PLAINTIFFS are former employees of DEFENDANT who were denied proper overtime compensation during the relevant period of their employment.

7. DEFENDANT employed PLAINTIFFS as employees and therefore DEFENDANT is an employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and is not exempt under the Act.

8. Throughout PLAINTIFFS' employment, DEFENDANT was an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C.

203(s)(1), because it had employees engaged in commerce, and because its annual gross volume of sales made was more than $500,000.

## IV. FACTUAL ALLEGATIONS

9. Throughout PLAINTIFFS' employment, they were employed by DEFENDANT as maintenance technicians at DEFENDANT'S location in Norcross, Georgia.

10. Throughout PLAINTIFFS' employment, they were paid at an hourly rate.

11. Throughout PLAINTIFFS' employment, their primary duties involved repairing and maintaining equipment.

12. Throughout PLAINTIFFS' employment, they were engaged in commerce and were employed by an enterprise engaged in commerce within the meaning of the FLSA and therefore are expressly covered by the protections of the FLSA, 29 U.S.C. § 207(a).

13. Throughout PLAINTIFFS' employment, they were classified as non-exempt employees for purposes of the FLSA.

14. Throughout PLAINTIFFS' employment, their primary duties conformed to a very specific standard of conduct that did not involve the exercise of discretion and independent judgment.

15. Throughout PLAINTIFFS' employment, their primary duties did not involve professional, administrative or managerial duties.

16. Throughout PLAINTIFFS' employment, they worked over forty (40) hours per week.

17. Throughout PLAINTIFFS' employment, DEFENDANT'S management was aware of the extra hours they worked each week in excess of 40 hours.

18. Throughout PLAINTIFFS' employment, DEFENDANT did not pay PLAINTIFFS overtime compensation for work performed in excess of 40 hours in a workweek.

19. PLAINTIFFS were told by various managers that DEFENDANT did not pay overtime even when employees worked more than 40 hours in a work week.

20. PLAINTIFFS submitted time sheets showing that they worked more than 40 hours per week, but DEFENDANT did not pay PLAINTIFFS for their overtime.

21. On other occasions, PLAINTIFFS were instructed by their supervisors to submit time sheets showing they worked only 40 hours per week – even though the supervisors were aware that the PLAINTIFFS had in fact worked more than 40 hours per week.

22. In approximately December 2010 or January 2011, DEFENDANT instituted a time clock system, whereby PLAINTIFFS did not submit time sheets but clocked in and out during their work day. Nevertheless, DEFENDANT failed to PLAINTIFFS their proper overtime during those weeks that the time clock system showed they worked more than 40 hours per week.

23. In addition, after the time clock system was implemented, when PLAINTIFFS were required to return to the work place after normal business hours to perform required work and did not use the time clock system, they submitted documents to their supervisor showing the number of hours they worked. Nevertheless, DEFENDANT refused to pay PLAINTIFFS their proper overtime for work performed under these conditions.

24. Throughout PLAINTIFFS' employment, there is no evidence that the conduct of DEFENDANT that gave rise to this action was in good faith and based on reasonable grounds for believing that its conduct did not violate the FLSA.

25. Throughout PLAINTIFFS' employment, DEFENDANT knowingly, intentionally and willfully violated the FLSA by failing to pay PLAINTIFFS the overtime compensation and other compensation to which they were entitled.

## VI.  CLAIM

### *COUNT I*
### *(Fair Labor Standards Act - 29 U.S.C. § 201 et seq.)*

26.　PLAINTIFFS re-allege paragraphs 1-25 above and incorporate them by reference as if fully set forth herein.

27.　By engaging in the above-described conduct, DEFENDANT ECI MANAGEMENT CORPORATION violated the FLSA with respect to PLAINTIFFS.

28.　By engaging in the above-described conduct, DEFENDANT ECI MANAGEMENT CORPORATION knowingly, intentionally and willfully violated the FLSA with respect to PLAINTIFFS.

29.　Throughout the relevant period of this lawsuit, there is no evidence that the conduct of DEFENDANT ECI MANAGEMENT CORPORATION that gave rise to this action was in good faith and based on reasonable grounds for believing that its conduct did not violate the FLSA.

30.　As a direct and proximate result of the above-described conduct, PLAINTIFFS have lost wages.

31.　Said violation gives rise to a claim for relief under the FLSA for PLAINTIFFS for past due overtime compensation for three years prior to the filing of this Complaint, prejudgment interest, liquidated damages in an amount equal to

the unpaid compensation, declaratory and injunctive relief and reasonable attorneys fees and expenses of litigation, pursuant to 29 U.S.C. § 215 *et seq.*

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS respectfully pray that this Court do the following:

1. Issue a declaratory judgment that DEFENDANT ECI MANAGEMENT CORPORATION has engaged in unlawful employment practices in violation of the FLSA with respect to PLAINTIFFS;

2. Require DEFENDANT ECI MANAGEMENT CORPORATION to pay PLAINTIFFS for past due overtime compensation calculated at one and one-half times the proper normal rate that PLAINTIFFS would have received but for unlawful conduct going back three (3) years from the date this Complaint was filed;

3. Require DEFENDANT ECI MANAGEMENT CORPORATION to pay PLAINTIFFS liquidated damages as provided for under the Fair Labor Standards Act;

4. Award PLAINTIFFS their reasonable attorneys' fees and costs and expenses of suit arising from DEFENDANT'S violations under the Fair Labor Standards Act;

5. Permit a trial by jury on all issues so triable; and

6. Provide such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**PLAINTIFFS hereby demand a jury trial on all claims for which they have a right to a jury.**

*s/ Alan H. Garber*
Alan H. Garber
Georgia Bar No. 283840
Marc N. Garber
Georgia Bar No. 283847
THE GARBER LAW FIRM, P.C.
Suite 14
4994 Lower Roswell Road
Marietta, GA  30068
(678) 560-6685
(678) 560-5067 (facsimile)

**COUNSEL FOR PLAINTIFF**