# EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

**THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE** ("Agreement") is made and entered into by and between Lansing Madison (hereinafter referred to as "Madison") and Lernard Phillips (hereinafter referred to as "Phillips") and ECI Management Corporation, its respective officers, directors, partners, employees, parent, subsidiaries, consultants, affiliates and successors (hereinafter "ECI").  This Agreement constitutes the entirety of agreements and understandings between Madison and Phillips and ECI, and no amendments to or modifications of this Agreement will be valid or binding unless made in writing and signed by Madison and Phillips and ECI.

**WHEREAS** Madison and Phillips worked for ECI; and

**WHEREAS** Madison and Phillips no longer work with ECI; and

**WHEREAS** Madison and Phillips caused a lawsuit to be filed against ECI styled *Lansing Madison and Lernard Phillips  v. ECI Management Corporation* in the United States District Court for the Northern District of Georgia case number 1:11-CV-01477-SCJ ("the Lawsuit");

**WHEREAS** the parties desire to compromise all disputes between them and to set forth their mutual understandings and agreements with respect thereto.

**NOW, THEREFORE**, in consideration of the payment of monies not available to other employees or persons, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the promises, covenants, and releases hereinafter set forth, the parties agree as follows:

1. (a) ECI agrees to pay Madison and Phillips the gross sum of Twenty Thousand Five Hundred Dollars ($20,500.00) in settlement of any and all claims Madison and Phillips claim to have in connection with their employment and termination of employment with ECI. ECI will remit this payment to Madison and Phillips within ten (10) days of its receipt of proof of (1) their signature on this Agreement, and (2) the Court Approving the Parties Settlement, provided that Madison or Phillips do not exercise their right of revocation as described in paragraph 11(g), below.

    (b) The parties agree that the Twenty Thousand Five Hundred Dollars ($20,500.00) will be paid as follows:

    (i) ECI shall issue one check to Madison in the amount of $1,085.50, less required withholdings and deductions. ECI shall issue a second check to Madison in the amount of $1,085.50 for alleged liquidated damages, for which a Form 1099 will issue.

    (ii) ECI shall issue one check to Phillips in the amount of $4,342.00, less required withholdings and deductions.  ECI shall issue a second check to Phillips

in the amount of $4,342.00 for alleged liquidated damages, for which a Form 1099 will issue.

(iii)  ECI shall issue a fifth check in the amount of $9,645.00 allocated as attorney's fees and expenses directly to The Garber Law Firm, P.C. Pursuant to Madison's and Phillips' designation of this sum as attorney's fees, ECI agrees that, so long as The Garber Law Firm, P.C. provides a completed and executed Form W-9 with its Federal Tax Identification Number, ECI will direct a Form 1099 to The Garber Law Firm, P.C. for those monies and make no withholdings or deductions therefore.

(c)  Madison and Phillips agree that they will be responsible for the payment of their share of any federal, state, or local taxes or assessments found to be due upon this Settlement Agreement or any money or other benefits received pursuant to this Settlement Agreement, and that they will hold harmless and indemnify ECI against the assertion of any claim for any such taxes, assessments, or related interest or penalties asserted as a result of their failure to pay taxes on the payments made herein.

(d)  Madison and Phillips agree to dismiss with prejudice, the action currently styled *Madison and Phillips v. ECI Management Corporation,* in the United States District Court for the Northern District of Georgia case number 1:11-cv-01477-SCJ, upon receipt of the payments referenced in § 1(b).

2.  Madison and Phillips agree that they have maintained, and will continue to maintain, in strict confidence the terms and existence of this Agreement, including the amount paid to them under this Agreement, and will not disclose the terms or existence of it to any person. Nevertheless, in response to an inquiry concerning Madison's or Phillips' allegations against ECI, Madison and Phillips may respond *only* that the matter has been amicably resolved and cannot be discussed and, again, *may make this statement only in response to a specific inquiry received.*  It is expressly agreed, however, that this prohibition does not apply to an accountant, tax advisor, financial advisor, spouse, or attorney of Madison and Phillips, provided that person is shown this Agreement and agrees to abide by its terms of confidentiality and nondisclosure. Madison and Phillips expressly agree that any breach by such person shall be deemed to be a breach by them.

3.  Madison and Phillips confirm that they have no interest in employment or reemployment with ECI, its parents, subsidiaries, or affiliates, and they commit and promise that they will not apply for, seek, or accept employment with ECI, its parents, subsidiaries, or affiliates at any time in the future.

4.  Madison and Phillips forever and finally, release, settle, waive and discharge ECI and its parents, subsidiaries, affiliates and officers of and from any and all claims or causes of action arising or existing up to the date they sign this Agreement that they, their heirs, executors, administrators, successors, or assigns has, may have, or claim to have against ECI, its parents, subsidiaries, consultants, predecessors, affiliates, directors, officers, agents, shareholders, employees, representatives, successors, and assigns. Specifically, Madison and Phillips for themselves, their heirs, their executors and their assigns hereby releases and forever discharges

ECI, its parents, subsidiaries, predecessors, affiliates, directors, officers, agents, shareholders, representatives, employees, successors, and assigns from any and all claims or causes of action of any kind or nature that Madison and Phillips have, may have or claim to have that arise out of or is related to their employment or termination from employment with ECI.

5.  Without limiting the generality of the previous paragraph, it is expressly understood that Madison and Phillips do hereby forever and finally release, settle, waive, reach full accord and satisfaction with, discharge, and acquit ECI and its parents, subsidiaries, consultants, affiliates, directors, officers, agents, representatives, successors and assigns from any and all claims or causes of action of each and every kind and nature whatsoever that Madison or Phillips have or may have or may accrue up to the date of this Agreement and that Madison and Phillips has or may have or may accrue as a result of Madison's and Phillips' employment or cessation of employment with ECI, including, but not limited to, claims of discrimination, retaliation, wrongful termination, harassment, general negligence, negligent retention, negligent training and supervision, infliction of emotional distress, ratification, breach of contract, fraud, breach of implied covenant of good faith and fair dealing, misrepresentation, failure to promote, assault, battery, invasion of privacy, defamation, claims for any work-related injury or illness, or any other alleged act arising in tort or contract, or pursuant to any state, federal, or local law or ordinance, including any claim pursuant to state workers' compensation laws, the Employee Retirement Income Security Act, the Consolidated Omnibus Budget Reconciliation Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, 42 U.S.C. §1981, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Equal Pay Act and extinguishes all claims and causes of action that Madison and Phillips did or could have asserted in the Lawsuit, including any and all claims of discrimination, and violations of the Fair Labor Standards Act.  Moreover, Madison and Phillips acknowledge that they have been paid all of their wages and overtime payments during their employment with ECI.

6.  In furtherance of the commitments they make in paragraphs 4 and 5, and to terminate the processing of the Lawsuit, Madison and Phillips specifically agree to direct their counsel to execute the attached Joint Motion for Approval of Settlement (Exhibit A) and return it to counsel for ECI within seven (7) days of signing this Agreement.

7.  Madison and Phillips agree that they will not at any time, either verbally or in written form, denigrate, degrade, ridicule, intentionally criticize or make negative remarks about ECI or any of ECI's respective officers, directors, managers, agents, affiliates, parents or subsidiaries.

8.  Madison and Phillips specifically acknowledge that this Agreement cannot in any way be construed as an admission of liability by ECI of any violation of federal, state, or local law, regulation, or the common law of Georgia or any other state, or of any policy or procedure of ECI or the public.  Madison and Phillips understand that, to the contrary, ECI expressly and firmly denies any liability to them and is merely buying its peace.

9.  Madison and Phillips acknowledge that ECI has paid to them all monies that they are due related to their employment with ECI at the time of executing this agreement and, further, that ECI has provided them with all benefits of employment that they are due at the time

of executing this agreement. Madison and Phillips expressly acknowledge that they have no claims against ECI related to these matters.

10. Madison and Phillips understand and acknowledge that this Agreement is intended to fully, completely, and forever resolve all disputes between them and ECI based upon all events, omissions, or acts occurring on or prior to its execution, as well as all other issues or claims in any way arising out of or connected with their employment and termination of employment with ECI. Specifically, Madison and Phillips acknowledge and agree that they have been paid all amounts due for all hours worked including any overtime compensation due to them. Madison and Phillips further acknowledge that this Agreement shall not be the subject of any cause of action against ECI, its officers or agents, except to enforce the terms of this Agreement.

11. Pursuant to the provisions of the Older Workers' Benefit Protection Act, Madison and Phillips expressly acknowledges that:

(a) by entering into this Agreement, they are waiving all rights and claims they have or may have under the Age Discrimination in Employment Act of 1967, as amended by the Older Workers' Benefit Protection Act, arising out of or in any way connected with Madison's and Phillips' employment or termination from employment with ECI;

(b) they are aware that they are not waiving any rights or claims that may arise after the date this Agreement is executed;

(c) this Agreement is written in a manner that they can understand and that they have, in fact, read and understand it;

(d) the terms of settlement provide money to Madison and Phillips that they would not otherwise be entitled to;

(e) Madison and Phillips are being given a period of 21 days within which to consider this Agreement before signing it;

(f) Madison and Phillips are hereby being advised to consult with an attorney before executing this Agreement and that they have, in fact, had the benefit and advice of an attorney during the Lawsuit and the negotiation and execution of this Agreement; and

(g) Madison and Phillips have seven (7) days following the date of execution of this Agreement to revoke it, and that they may do so only in writing, via certified mail or registered delivery, to the attention of Raanon Gal, Ford & Harrison, 271 17th Street, N.W., Suite 1900, Atlanta, Georgia, 30363.

12. The parties agree that they will not directly or indirectly challenge any paragraph of this Agreement as invalid or unenforceable and will take no action contrary to any of its provisions other than as ordered by a court of law.

13. The parties agree that, except as expressly set forth herein, each will bear its own attorneys' fees, costs and expenses.

14. Lansing and Phillips acknowledge and agree that they will not provide Marilyn Newbon with any money received from this Agreement.

15. ECI agrees to provide a neutral job reference for Madison and Phillips, limited to dates of employment, job titles, and compensation.

16. Because all parties to this Agreement have been represented by counsel during the preparation of and negotiation over its terms, the parties agree that the language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties. Should any provision of this Agreement be declared or be determined by any court or other body with proper jurisdiction to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

17. The laws of the state of Georgia shall govern the interpretation and performance of this Agreement should any dispute arise concerning or related to it. Furthermore, Madison and Phillips expressly agree to submit to the jurisdiction of the federal court system in the State of Georgia for any action of proceeding arising our of or relation to the terms of the agreement and agree that the exclusive venue of any action or proceeding arising out of or relating to the terms of this Agreement shall be in the federal courts of Georgia.

18. Madison and Phillips represent, acknowledge, and assert that they have entered into this Agreement knowingly and voluntarily after a reasonable time to consider it and that the only consideration they received for executing this Agreement is what is set forth herein. Madison and Phillips further represent, acknowledge and assert that they have had the advice of counsel during the negotiation and execution of this Agreement, that they have thoroughly discussed all aspects of this Agreement with their attorney, and that they fully understand the Agreement's meaning and intent.

IN WITNESS WHEREOF, we have hereunto set our hands and affixed our seals on the dates set forth below:

_____            Dated: _____
Lansing Madison

_____            Dated: _____
Lernard Phillips

Approved by:

_____
Alan Garber, Esquire
The Garber Law Firm, P.C.

Attorney for Lansing Madison and Lernard Phillips


_____   Dated: _____
ECI

Approved by:

_____
Raanon Gal, Esquire
Raanon Gal
Ford & Harrison LLP

Attorney for ECI